408 A.2d 854

**COMMONWEALTH of Pennsylvania**

v.

**Howard NELSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Filed Aug. 10, 1979.

John W. Packel, Assistant Public Defender, Chief, Appeals Division, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, HESTER and HOFFMAN, JJ.

CERCONE, President Judge:

The instant appeal arises from the denial of appellant's motion to dismiss charges of conspiracy, robbery and

other related offenses emanating from the robbery of a McDonald's Restaurant in The Gallery in Philadelphia. The sole issue raised is whether the termination of appellant's first trial by the granting of his mistrial motion bars his subsequent prosecution on the above charges under the double jeopardy clause of the federal constitution.[1] We agree with the court below that, in light of the basis for granting a mistrial, appellant's reprosecution is not barred.

On September 20, 1977, appellant and three other men, Warren Henderson, Alphonso Murray, and Bernard Lark, hatched a scheme to rob McDonald's in the early morning hours by exploiting Lark's entree as an employee. The robbery resulted in the theft of $5000. Soon, however, the investigation focused on Lark, who gave a statement implicating appellant, Henderson, and Murray, but only by nickname and photographic identification. Subsequently, Henderson was arrested and gave a full confession. Lark pleaded guilty, and the day before appellant and Murray were to stand trial, Henderson also pleaded guilty. Two Philadelphia newspaper reporters attended Henderson's guilty plea, and were present when Assistant District Attorney Brodkin read Henderson's confession into the record to establish the factual basis for the plea. After the guilty plea proceedings were completed, Brodkin spoke to the two reporters, whom he knew, and asked them not to print any account of the plea proceedings until appellant's trial concluded. Though Brodkin subsequently provided one of the reporters with the ages and addresses of appellant and Murray, he used that conversation to renew his request that any report of the proceedings be postponed. Nevertheless, on the day appellant's trial began an account of Henderson's guilty plea implicating appellant was published in the Philadelphia Bulletin. That evening Judge Goldman, who was presiding over appellant's non-jury trial read the account. Of course, Judge Goldman informed counsel that he had read the

1. The court's denial of appellant's motion to dismiss is appealable. See *Commonwealth v. Hogan*, 482 Pa. 333, 393 A.2d 1133 (1978).

article, and when defense counsel requested a mistrial, the motion was granted.

The principal basis for appellant's contention that he cannot be retried is ADA Brodkin's conducting Henderson's guilty plea colloquy in the presence of men he knew to be newspaper reporters. This, appellant maintains, demonstrates the requisite prosecutorial misconduct to prohibit his retrial. We disagree.

█ It is true that conversing with reporters about a case in litigation can constitute prosecutorial misconduct. *Commonwealth v. Pierce*, 451 Pa. 190, 303 A.2d 209 (1973), upon which appellant heavily relies, held that when the police and the district attorney release inflammatory and prejudicial information to the press during the pendency of litigation, the accused need not show the nexus between the publicity and jury prejudice to gain a new trial. However, in remanding the case for a new trial with a change of venue, the Court in *Pierce* did not reach the double jeopardy question. The authority for when prosecutorial misconduct resulting in a mistrial will bar subsequent prosecution for the same offenses under the double jeopardy clause must be found elsewhere.

█ The Pennsylvania Supreme Court's most recent, authoritative pronouncement on this question is *Commonwealth v. Potter*, 478 Pa. 251, 386 A.2d 918 (1978) wherein four of the six Justices participating agreed that only prosecutorial misconduct intended to abort a trial can provide a basis for barring a subsequent retrial under the double jeopardy clause.[2] As Mr. Justice Pomeroy concluded in his thorough and excellent Opinion of the Court:

"In sum, the public interest in convicting those guilty of crimes is too important an interest to be subordinated to a concept of a prosecuting attorney's negligence, even

2. See *Commonwealth v. Hogan*, 482 Pa. 333, 393 A.2d 1133 (1978).

though it be labeled "gross"; defendants are adequately protected by the sanction of complete discharge which is imposed when the government's agent acts with the intent to abort the trial. Accordingly, we believe that retrial should be barred when there is found to have been prosecutorial misconduct "intended to provoke mistrial requests," that is to say, when the prosecuting lawyer, judged by an objective standard, must be deemed to have been substantially certain that a mistrial would be declared as a result of his questions to witnesses or other conduct at trial." (Citations omitted.)

In the instant case, it is difficult to find that Mr. Brodkin was negligent, much less "grossly" negligent. Instead, Mr. Brodkin repeatedly asked the newsmen present at the guilty plea colloquy not to publish any account of the plea proceeding prior to appellant's trial. It was by no means his fault that the account was published. Certainly, there is not a scintilla of evidence that Mr. Brodkin intended to abort appellant's trial by publication of the account, a fact which appellant must and does concede. Thus, under the authority of *Commonwealth v. Potter*, supra, there is no basis in the double jeopardy clause to grant appellant's motion to dismiss. As the Supreme Court of the United States stated in *Burks v. United States*, 437 U.S. 1, 15, 98 S.Ct. 2141, 2149, 57 L.Ed.2d 1 (1978):

"It would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction."

In our estimation appellant expects society to pay this price in the instant case. Hence, we affirm.

Order affirmed and the case is remanded for trial.